# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT GREENEVILLE

| | |
|---|---|
| CHUNDER PORSHAE PORAMBO, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.: 2:13-CV-32-JRG-MCLC |
| ) | |
| DEBRA JOHNSON, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On November 27, 2007, upon her pleas of guilty, Chunder Porshae Porambo ("Porambo" or "Petitioner") was convicted in the Criminal Court for Sullivan County, Tennessee, of one count of possession of .5 grams or more of cocaine with the intent to sell within 1,000 feet of a school zone, one count of possession of .5 grams or more of cocaine with the intent to sell/deliver, one count of failure to appear, one count of introduction of cocaine into a penal institution, one count of violation of the child-restraint law, and one count of driving on a revoked license. For these offenses, Porambo received an effective eight-year prison sentence. The judgment of convictions was entered on December 13, 2007. Porambo now brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the legality of her confinement under that judgment, [Doc. 1].

Warden Debra Johnson has submitted an unopposed motion to dismiss and supporting memorandum, as well as copies of the relevant state court record, [Docs. 25-26]. Thus the case is ripe for disposition.

In her motion, Respondent argues that the petition is time-barred. After reviewing the pleadings, the motion, and the state court record, the Court concludes that the warden's motion should be **GRANTED** and that this petition should be **DISMISSED**.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") contains a one-year statute of limitations governing the filing of an application for a federal writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute begins to run when one of four circumstances occurs: the conclusion of direct review; upon the removal of an impediment which prevented a petitioner from filing a habeas corpus petition; when a petition alleges a constitutional right, newly recognized by the Supreme Court and made retroactive on collateral review; or when a claim depends upon factual predicates which could not have been discovered earlier through the exercise of due diligence. *Id.* The time is tolled, however, during the pendency of a properly-filed application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

Here, the first circumstance is the relevant one. As stated, Petitioner's judgment was entered on December 13, 2007, and she did not appeal. Hence, her conviction and judgment became final on January 14, 2008, upon the lapse of the thirty-day time period for seeking an appeal.[1] *See State v. Green*, 106 S.W.3d 646, 648-50 (Tenn. 2002) (finding that a judgment based on a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of the sentence) (citing Tenn. R. App. P. 4(a)). Accordingly, for purposes of § 2244(d)(1)(A), the time period for Petitioner to file her § 2254 petition would end one year afterward, on January 14, 2009.

Petitioner did not seek post-conviction review, but on May 29, 2012, she filed a petition in Davidson County, Tennessee, seeking state habeas corpus relief, [Doc. 26, Notice of Filing, Addendum 1, Doc. 1]. The filing of the state habeas corpus petition did not trigger the tolling mechanism provided in 28 U.S.C. § 2244(d)(2). This is so because, by the time Porambo filed the state collateral review proceedings, AEDPA's clock had already stopped and there was no time left

---

[1] Because the thirtieth day fell on Saturday, January 12, 2008, Petitioner had until Monday, January 14, 2008, within which to file a notice of appeal. *See* Tenn. R. Civ. P. 6.01 ("The last day of the period so computed shall be included unless it is a Saturday, a Sunday . . ., in which event the period runs until the end of the next day which is not one of the aforementioned days.").

to toll. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (holding that "[t]he tolling provision does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y.1998)).

Pursuant to the prison mailbox rule, Petitioner filed this instant application for habeas corpus relief on January 17, 2013, under the prison "mailbox rule," [Doc. 1, pp. 45-46, Copy of Envelope with Postmark]. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988) (deeming the filing date of a prisoner's submission to be the date it was handed over to the prison authorities for mailing); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (applying *Houston* to a § 2254 habeas corpus petition). Accordingly, AEDPA's clock, which began ticking on January 15, 2008, ticked three hundred sixty-five (365) days and stopped on January 14, 2009. Since Petitioner filed her § 2254 application on January 17, 2013—more than four years after the lapse of AEDPA's statute of limitations, it is therefore untimely.

Even where a § 2254 petition is statutorily time-barred, equitable tolling may save an otherwise untimely petition. The one-year statute of limitations in AEDPA is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (observing that limitations statutes do not require courts to dismiss claims as soon as the "clock has run") (citation omitted). Whether the statute should be equitably tolled depends upon whether a petitioner shows: (1) that she has been diligent in pursuing her rights, and (2) that some extraordinary circumstance stood in her way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A petitioner bears the burden of showing that she is entitled to equitable tolling. *Id.*

Petitioner offers no reason to invoke equitable tolling in her case and nothing in her pleadings suggests that equitable tolling is warranted. Thus, the Court finds that equitable tolling is not appropriate.

Finally, the Court does not believe that jurists of reason would question whether the petition is timely or whether equitable tolling is justified here. Nor would reasonable jurists conclude that the timeliness or equitable-tolling issues "are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court finds that jurists of reason would not debate whether the petition states a valid claim of the denial of a constitutional right and whether the Court was correct in its procedural ruling concerning the timeliness of the petition. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Therefore, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

Because this petition is time-barred under 28 U.S.C. § 2244(d)(1), Respondent's dispositive motion will be **GRANTED** and this petition will be **DISMISSED**.

**A separate judgment will enter**.

    **ENTER:**

                                       s/J. RONNIE GREER
                                   UNITED STATES DISTRICT JUDGE